AO 91 (Rev. 11/11) Criminal Complaint

AUSA: Rajesh Prasad Telephone: (313) 226-0821
Task Force Officer: Brendan Fraser Telephone: (313) 226-5310

# UNITED STATES DISTRICT COURT

for the

Eastern District of Michigan

United States of America
v.
Kawal Preet Singh

Case No. 26–mj–30692

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of October 31, 2026 in the county of St. Clair in the Eastern District of Michigan, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 USC §§ 841(a)(1) and 841(b)(1)(A)(ii) | knowingly and unlawfully possess with the intent to distribute more than 5 kilograms of a mixture or substance containing a detectable amount of Cocaine, a schedule II controlled substance |

This criminal complaint is based on these facts:
See affidavit

☑ Continued on the attached sheet.

[signature] TFO
*Complainant's signature*

Special Agent Brendan Fraser
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: November 2, 2026

[signature: Elizabeth A. Stafford]
*Judge's signature*

City and state: Detroit, MI

Elizabeth A. Stafford, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Brendan Fraser, Task Force Officer with Homeland Security Investigations, being duly sworn, on oath, hereby depose and state as follows:

## *Introduction and Agent Background*

1. I make this affidavit in support of a criminal complaint charging Kawal Preet SINGH with: knowingly and unlawfully possess with the intent to distribute more than 5 kilograms of a mixture or substance containing a detectable amount of Cocaine, a schedule II controlled substance, in violation of Title 21 USC §§ 841(a)(1) and 841(b)(1)(A)(ii).

2. I am a Task Force Officer with the United States Department of Homeland Security, Homeland Security Investigations (HSI). I have served under HSI since August of 2025. I am currently assigned to Homeland Security Task Force (HSTF) North, which conducts investigations of crimes involving narcotics, smuggling, firearms, and immigration enforcement. Prior to my employment with HSI, I have worked as a Deputy Sheriff with Macomb County from May of 2018 to December of 2021. I have been employed as a Police Officer with the City of Warren Police Department since 2021. Currently, I am assigned as a Canine Task Force Officer under the Special Investigations Division.

3. I am a graduate of the Macomb Regional Police Academy. I am certified as a Law Enforcement Officer in the State of Michigan under Michigan Commission on

Law Enforcement Standards (MCOLES).

4. I have also had the opportunity to work with several other HSI agents and other law enforcement agents and officers of varying experience levels, who have investigated narcotics smuggling networks. My investigative experience, my training, and the experience of other law enforcement agents in this investigation serve as the basis for the opinions and conclusions set forth herein.

5. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

***Probable Cause***

6. The government has developed probable cause to conclude that on October 31, 2026, SINGH traversed the Eastern District of Michigan while knowingly transporting 93-kilogram sized bricks of suspected cocaine bound for introduction into Canadian commerce.

7. On October 31, 2026, at approximately 12:20 a.m., Trooper Minchella #638 from Michigan State Police 3rd District, conducted a traffic stop on a commercial vehicle (CV) for traffic violations in Kimball Township, Michigan. The CV was identified as bearing Ontario Tractor plate PB22589 and Ontario Trailer Plate AK959S.

8. The Trooper made contact with the operator and sole occupant of the CV, identified at Kawal Preet SINGH. SINGH presented a manifest indicating he was hauling “non corrugated folding cartons”. The load originated in Laredo, Texas and was destined for Belleville, Ontario.

9. I arrived on scene to assist the Trooper with the traffic stop. I conducted an open-air canine sniff with K9 Argo, a trained and certified narcotics canine. I took K9 Argo around the exterior of the CV while the Trooper was conducting records checks of SINGH and the CV. I noted alert behavior displayed by K9 Argo around the rear trailer door areas and back panels of the CV trailer.

10. I noted that the trailer was sealed with a yellow bolt seal (Serial Number “#003016”). The seal number listed on the manifest was Serial # “01013”, which did not match the yellow bolt seal observed on the rear of the CV at the time of stop.

11. Upon opening the trailer doors, I saw two (2) black garbage bags and two (2) black duffle bags at the rear of the trailer separate from the pallets containing legitimate commerce. Inside each bag, I found numerous bricks contained a white powdery substance which was wrapped

in cellophane and vacuum sealed plastic.




12. The bags were later removed from the trailer and examined. Field testing of the white powdery substance was conducted with a positive result for the presence of cocaine. The total amount of suspected cocaine located in the incident was approximately 93 kilograms.




13. Officers transported SINGH to the St. Clair County Sheriff's Office. I provided him his Constitutional rights which he indicated he understood and was willing to speak with us. SINGH stated that he picked up the trailer in Laredo, Texas. SINGH reported that upon arrival at the yard, the trailer was preloaded and sealed with a white bolt seal.

14. SINGH stated that he began the return trip to Canada and stopped in Ina, Illinois at a Love's Travel Center. SINGH departed from that location at approximately 12:00 p.m. on October 30, 2026. SINGH claimed he performed a safety inspection of the exterior of the trailer prior to his departure from that location and the white seal was still intact.

15. SINGH reported that his next stop was at the Pilot Travel Center in Battle

Creek, Michigan where he purchased pizza and cleaned his windshield. SINGH indicated that he next travelled to the TA Travel Center in Battle Creek, Michigan to take a required 30-minute break. SINGH denied doing a safety inspection prior to leaving that location. SINGH stated that only after being pulled over by the State Trooper, did he realize that there was a different yellow seal on his trailer.

16. A review of commercially available license plate readers (LPR) for the involved trailer showed the white seal in place on the trailer on October 29, 2026, at 4:01 p.m. in Campbell, Texas. On October 30, at 4:29 p.m. in West Terre Haute, Indiana, LPR images show no seal on the trailer.

17. During a consent review of SINGH's phone, investigators located an image taken in the Battle Creek area depicting the yellow seal located on the CV at the time of stop. SINGH was unable to explain these discrepancies between his statement and the photographic images of the seals on his cellular device.

18. In my training and experience, narcotics couriers will use semi-public locations such as truck stops or commercial areas to transfer narcotics. Narcotic couriers will also switch seals originally provided with the legitimate commodity and then use their own alternative seals, to mask the trailer's appearance as if there was no tampering with the original seal. Additionally, couriers will utilize packing boxes and garbage bags to facilitate the quick transfer of large amounts of narcotics between vehicles. This allows couriers to avoid a lengthy process of

concealing and comingling the narcotics into the legitimate merchandise. In my experience, the location in the trailer where the narcotics were located is suggestive of a transfer as described above.

19. During the stop, one of SINGH's cellphone devices received messages on Signal, an end-to-end encrypted communications application, stating "Ok", "Clear bro", "?", "Hlo". I am aware in similar Canadian commercial trucking transportation of large loads of controlled substances, the drivers often communicate with an individual in Canada coordinating the drug load via an encrypted application. The timing of the message was consistent to the when SINGH would have crossed the border into Canada at the Blue Water Bridge.

20. I am aware from information provided by law enforcement partners in Canada, that the approximate value of a kilogram of cocaine in Canada is approximately $20,000.00 to $26,000.00, giving the approximate value of the load to be at least $1,860,000.00.

***Conclusion***

19. Based upon the aforementioned facts, I believe that there is probable cause to believe that Kawal Preet SINGH did: knowingly and unlawfully possess with the intent to distribute more than 5 kilograms of a mixture or substance containing a detectable amount of Cocaine, a schedule II controlled substance, in violation of Title 21 USC §§ 841(a)(1) and 841(b)(1)(A)(ii).

TFO

Brendan Fraser, Task Force Officer
Homeland Security Investigations

Subscribed and sworn to before me
in person or by other reliable means
this 2nd day of November 2026.

Elizabeth A. Stafford
U.S. Magistrate Judge